UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIE ED ROBERTS SR., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCISCAN ALLIANCE, INC., a/k/a )<br>ST. MARGARET HOSPITAL, )<br>Defendant. ) | CAUSE NO.: 2:21-CV-132-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 50], filed on May 31, 2023. Plaintiff did not file a response and the time to do so has passed.

**I.      Background**

On April 19, 2021, Plaintiff Willie Ed Roberts, Sr., filed a Complaint alleging that his employer, Defendant Franciscan Alliance, Inc., also known as St. Margaret Hospital, discriminated against him on the basis of his sex. He filed his EEOC charge on September 29, 2020 and received his notice of right to sue on January 21, 2021.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.      Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a

1

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III. Material Facts

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "Statement of Material Facts" including "each material fact the moving party contends is undisputed." N.D. Ind. L.R. 56-1(a)(3). In response, the opposing party is obligated to file "a Response to Statement of Material Facts." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Defendant has submitted a Statement of Material Facts, along with appropriate citations to supporting evidence. Plaintiff has not submitted a response brief, much less identified any disputes with the identified facts; therefore, the facts referred to below, as asserted by Defendant, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely "sustain[ed] the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Plaintiff began working for Defendant Franciscan Alliance in May 2013 at the Dyer hospital campus as an Environmental Services (EVS) Associate II. The job description included performance of a variety of maintenance and cleaning functions at the hospital facility, including floor project work. Only EVS II employees were assigned to perform floor projects, while EVS I employees had other tasks. In 2021, when Plaintiff filed the instant suit, all of the women who worked the third shift at the Dyer campus were EVS I employees, not EVS II employees, and therefore were not asked to perform floor cleaning projects. The sole female EVS II employee worked the first shift with a different supervisor and was assigned floor projects.

In January 2020, Plaintiff approached human resources claiming that he had been performing team lead duties on the night shift. Review of Plaintiff's job performance revealed that his supervisor had not assigned any team lead duties to Plaintiff and that there was no team lead position on the night shift because it was less busy than the day and evening shifts, which did have team lead positions. Plaintiff was informed that there was no budgeted team lead position for the third shift, no plan to create the position, and he had not been asked to assume that role. He did not apply for open team lead positions on other shifts. On September 29, 2020, Plaintiff filed an EEOC charge alleging that he was discriminated against because he is male. At the time, no other EVS employee earned more per hour than he did. He continued to receive raises, and at the time he filed the instant lawsuit was still one of the highest paid employees. In 2021, the only two EVS employees paid more than Plaintiff served as team lead EVS members at other Franciscan hospitals. All of the female EVS employees at the Dyer location were paid less than Plaintiff.

**IV.    Analysis**

The Local Rules provide that responses to motions for summary judgement must be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004);

*Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). The Rule further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. Id. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

Defendant moves for summary judgment on Plaintiff's claims of sex discrimination, arguing that Plaintiff did not suffer any adverse employment action and has not shown that similarly situated employees who were not members of his class were treated more favorably. Title VII prohibits discrimination "against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." 42 U.S.C. § 2000e-2(a)(1). "On a motion for summary judgment, a plaintiff may demonstrate a genuine issue for trial by demonstrating that "the evidence would permit a reasonable factfinder to conclude that the plaintiff's . . . sex . . . or other proscribed factor caused the discharge or other adverse employment action. Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see also Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016). Accordingly, "the sole question that matters" is "[w]hether a reasonable juror could conclude that" the plaintiff would not have suffered the adverse employment action if she had a different sex or

age, "and everything else had remained the same." *Ortiz*, 834 F.3d at 764 (citing *Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734 (7th Cir. 1994)). A plaintiff may also make a case for going to trial under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018) ("[T]he well-known and oft-used *McDonnell Douglas* framework for evaluating discrimination remains an efficient way to organize, present, and assess evidence in discrimination cases."); *Egonmwan v. Cook Cty. Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010). Thus, at the summary judgment stage in this case, the proper question before the Court is whether the evidence would permit a reasonable factfinder to conclude that Plaintiff's sex caused an adverse employment action. *Ortiz*, 834 F.3d at 765. The burden is on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

Defendant first argues that Plaintiff did not suffer an adverse employment action. To be considered materially adverse, an employment action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (quoting *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000)). "[A]n adverse employment action need not be quantifiable in terms of pay or benefits," but "not everything that makes an employee unhappy is an actionable adverse action." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465-66 (7th Cir. 2002) (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir.1996)). Although determining whether a particular employment action is materially adverse will depend on the unique circumstances of each case, the Seventh Circuit Court of Appeals has identified three general categories of actionable, materially adverse employment

6

actions: (1) an employee's compensation or benefits are diminished or he is fired; (2) a nominally lateral transfer or other change in the job significantly reduces his career prospects; or (3) work conditions are changed so as to subject him to "a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in h[is] workplace environment." *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1116 (7th Cir. 2009) (quoting *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004)); *see also Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) ("'Federal law protects an employee only from retaliation that produces an injury,' and by themselves, these threats [of unspecified disciplinary action] did not. They had no effect on [the plaintiff]'s compensation or career prospects.") (quoting *Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009)); *Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 745 (7th Cir. 2002) (providing that the last category includes "cases of harassment-mistreatment of an employee by coworkers or supervisors that is sufficiently severe to worsen substantially his conditions of employment as they would be perceived by a reasonable person in the position of the employee") (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-88 (1998); *Hilt-Dyson*, 282 F.3d at 462-63).

In his Complaint, Plaintiff asserts that work delegated to him and other men differed from the work assigned to women with the same job title. In particular, he alleges that "male housekeeper II's must perform floor work" that "requires one to work on their hands + knees for extended periods of time." Defendant argues that being asked to perform work that is part of the job description is not an adverse employment action, that Plaintiff was never demoted, and that he consistently received pay increases throughout his employment. Defendant asserts that equipment and tools were provided so that no work task required cleaning on hands and knees and that Plaintiff's supervisor had no expectation that any employee would conduct the floor work on hands

and knees. Although Plaintiff may not have liked all of the duties he was assigned to, Defendant asserts that the differences in floor projects assigned to the day and night shifts had to do with when certain work needed to be performed, not the sex of the employees working those shifts. At his deposition, Plaintiff agreed that some work can only be done on the night shift. Pl. Dep. 38:14-21 [DE 38]. Plaintiff's Complaint does not include any allegation that his compensation or benefits were diminished, that he was transferred, that the job changed in a way that reduced his career prospects, or that the work conditions changed to create a significant negative alteration in his work environment. Plaintiff's employer consistently requiring him to perform work within the scope of his job description, even if those tasks are assigned only to late shift workers, is not an adverse employment action.

Defendant argues that Plaintiff also cannot succeed under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas*, 411 U.S. 792 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). Under that framework, a plaintiff may establish a prima facie case of discrimination by providing evidence that he is a member of a protected class, was performing well enough to meet his employer's legitimate expectations but suffered an adverse employment action, and that similarly-situated employees not in the protected class were treated more favorably. *See David v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 225 (7th Cir. 2017); *Naik v. Beohringer Ingelheim Pharms., Inc*., 627 F.3d 596, 599-600 (7th Cir. 2010). If the plaintiff meets his burden of establishing a prima facie case, a rebuttable presumption of discrimination arises, and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the challenged action. *McDonnell*, 411 U.S. at 802. If the defendant provides a legitimate, nondiscriminatory reason for its actions, the burden shifts back to the

8

plaintiff to offer evidence indicating that the proffered reason is actually pretext for illegal discrimination. *Id*. "Pretext involves more than just faulty reasoning or mistaken judgment on the part of the employer; it is a lie, specifically a phony reason for some action." *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 690 (7th Cir. 2017) (quotations and citations omitted).

Defendant argues that Plaintiff cannot present evidence of similarly situated employees who are not members of his class and were treated more favorably. Of the eight female employees identified as possible comparators by Plaintiff in his Complaint, a number were EVS I workers with different job descriptions than Plaintiff. Most of the EVS II workers worked the day shift or the second shift under different supervisors than Plaintiff. Only two reported to the same supervisor as EVS II employees on the night shift. One of them performed floor projects when she was an EVS II on the night shift, and the other only worked for Defendant for a short time and ended her employment almost two years before Plaintiff filed his EEOC m Complaint.

The female EVS II night shift employee during the time period reflected in Plaintiff's Complaint can be considered similarly situated because she "(i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications.'" *David*, 846 F.3d at 225–26 (quoting *Coleman v. Donahoe*, 667 F.3d 835, 841 (7th Cir. 2012)); *see also Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 463 (7th Cir. 2014); *Warren v. Solo Cup Co.*, 516 F.3d 627, 631 (7th Cir. 2008). However, she is the only similarly-situated employee identified by Plaintiff and was required to do the same work projects as Plaintiff and was paid less than he was. Not only is there no apparent adverse employment action, but it appears that, at least when it came to wages, Defendant was treated *more* favorably than female employees.

Based on the undisputed material facts, no reasonable juror could conclude that Plaintiff suffered an adverse employment action or that he was otherwise discriminated against because he was male.

## V.    Conclusion

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 50] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Franciscan Alliance, Inc, and against Plaintiff Willie Ed Roberts, Sr., as to all claims in the Complaint.

SO ORDERED this 12th day of July, 2023.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*